IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff-Respondent,<br><br>   v.<br><br>PETERSON CABLAY,<br><br>                  Defendant-Petitioner. | Cr. No. 20-00005 JMS<br>Civ. No. 21-00454 JMS-KJM<br><br>ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 30; AND (2) GRANTING CERTIFICATE OF APPEALABILTY |

**<u>ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 30; AND (2) GRANTING CERTIFICATE OF APPEALABILITY</u>**

## I. <u>INTRODUCTION</u>

Before the court is Peterson Cablay's ("Cablay" or "Defendant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion" or "§ 2255 Motion") based on a claim that his prior attorney rendered ineffective assistance of counsel by failing to argue that Cablay was safety-valve eligible at his sentencing. For the reasons discussed below, the court DENIES the Motion and GRANTS a Certificate of Appealability.

## II. <u>BACKGROUND</u>

### A.   Factual Background

Cablay was indicted by a federal grand jury on January 22, 2020, for one count of distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  ECF No. 1.[1]  On July 8, 2020, Cablay pled guilty pursuant to a plea agreement to the single count indictment.  ECF Nos. 15 & 16.  Cablay's plea carried with it—absent eligibility under the safety valve pursuant to 18 U.S.C. § 3553(f) or a government motion based on substantial assistance brought pursuant to 18 U.S.C. § 3553(e)—a mandatory minimum sentencing of ten years.  *See* Memorandum of Plea Agreement, ECF No. 16 at PageID.40.[2]  During the November 13, 2020 sentencing hearing, nobody—neither defense counsel, the United States Probation Office, nor the court—raised or discussed the applicability of the safety valve, and Cablay was sentenced to the mandatory minimum of 120 months.

After Cablay's sentencing, the Ninth Circuit in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), interpreted a 2018 First Step Act amendment to the criminal history provision of the safety valve, 18 U.S.C. § 3553(f)(1).  And both

---

[1] For administrative purposes, the § 2255 Motion was filed both in the underlying criminal matter, Cr. No. 20-00005 JMS, and in a separate civil matter, Civ. No. 21-00454 JMS-KJM.  All references to filings in this order are to the docket in the criminal matter.

[2] The government did not file a motion pursuant to § 3553(e), leaving the safety valve as the sole avenue for defendant to be sentenced below the 10-year mandatory minimum.

parties now agree that under *Lopez's* interpretation of the First Step Act amendment, Cablay meets the criminal history criteria, and thus would be safety valve eligible if the other four safety valve criteria are satisfied.[3]  Thus, Cablay now contends that his defense counsel, an Assistant Federal Public Defender for the District of Hawaii ("AFPD"), provided constitutionally ineffective assistance during sentencing by failing to argue that Cablay's criminal history did not disqualify him from safety valve eligibility.  ECF No. 30.

**B.     Procedural Background**

Cablay filed his § 2255 Motion on November 19, 2021.  ECF No. 30.  The United States filed a Response on December 23, 2021, and Cablay filed his Reply on January 3, 2022.  ECF Nos. 32 & 33.  Because the court's decision could have been mooted by an en banc decision in *Lopez*, the court stayed the matter pending decision on the then-pending petition for rehearing en banc in that case.  ECF No. 34.  On January 27, 2023, the Ninth Circuit denied the petition for rehearing en banc, *see* ___ F.4th ___, 2023 WL 501452 (9th Cir. Jan. 27, 2023).  Accordingly, the court lifted the stay on January 30, 2023.  ECF No. 36.

---

[3] As explained in more detail below, there is a circuit split on this issue.  Although Cablay meets the criminal history criteria as interpreted by *Lopez*, he does not in several other circuits.

## III.  <u>STANDARD OF REVIEW</u>

The court's review is governed by 28 U.S.C. § 2255(a), which

provides:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court which
> imposed the sentence to vacate, set aside or correct the
> sentence.

A court may deny a § 2255 motion if "it plainly appears from the

motion, any attached exhibits, and the record of prior proceedings that the moving

party is not entitled to relief."  R. 4(b) Governing § 2255 Proceedings in the U.S.

Dist. Cts.  A court need not hold an evidentiary hearing if the allegations are

"palpably incredible" or "patently frivolous or false" or if the issues can be

conclusively decided based on the evidence in the record.  *Blackledge v. Allison*,

431 U.S. 63, 76 (1977) (internal quotation and citation omitted); *see also United*

*States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (explaining that a "district

court has discretion to deny an evidentiary hearing on a § 2255 claim where the

files and records conclusively show that the movant is not entitled to relief").

Conclusory statements in a § 2255 motion are insufficient to require a hearing.  *See*

*United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (quotation marks

4

omitted).  A petitioner must allege specific facts that, if true, would entitle the petitioner to relief.  *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

Because the court concludes that the § 2255 Motion can be decided conclusively on the basis of the existing record, the court will not hold an evidentiary hearing.  The court decides the § 2255 Motion without a hearing pursuant to Local Rule 7.1(d).

## IV. ANALYSIS

The court begins by setting forth the applicable legal standards, and then addresses Cablay's specific ineffective assistance of counsel argument.

### A.   Legal Standard for Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees the right to effective assistance of counsel at all critical stages of a criminal proceeding, including sentencing.  *See United States v. Gonzalez*, 113 F.3d 1026, 1029 (9th Cir. 1997).  To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).  That is, the petitioner must show not only that there was a deficiency, but that the deficiency was prejudicial.  *Id*. at 692; *see also Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("An ineffective assistance claim has two

5

components:  A petitioner must show that counsel's performance was deficient,

and that the deficiency prejudiced the defense.").  "[I]t is unnecessary to consider

the prejudice prong of *Strickland* if the petitioner cannot even establish

incompetence under the first prong." *Siripongs v. Calderon*, 133 F.3d 732, 737

(9th Cir. 1998) (citing *Hendricks v. Calderon*, 70 F.3d 1032, 1039 (9th Cir. 1995)).

"Judicial scrutiny of counsel's performance must be highly

deferential." *Strickland*, 466 U.S. at 689.  Counsel "is strongly presumed to have

rendered adequate assistance and made all significant decisions in the exercise of

reasonable professional judgment." *Id*. at 690.  And the Supreme Court has

cautioned that a "fair assessment of attorney performance requires that every effort

be made to eliminate the distorting effects of hindsight, to reconstruct the

circumstances of counsel's challenged conduct, and to evaluate the conduct from

counsel's perspective at the time." *Id*. at 689.

## B.    Application

The court first provides background of the safety valve and its 2018

amendment by the First Step Act and then addresses whether Cablay's counsel was

ineffective in failing to argue that Cablay was safety valve eligible at sentencing.

A defendant convicted of certain crimes can be sentenced "without

regard to any statutory minimum sentence" if the court makes a finding that five

safety valve criteria are satisfied.  18 U.S.C. § 3553(f).  "The defendant bears the

burden of proving safety valve eligibility by a preponderance of the evidence."

*United States v. Mejia-Pimental*, 477 F.3d 1100, 1104 (9th Cir. 2007).

Prior to enactment of the First Step Act on December 21, 2018, the safety valve required a defendant convicted of an eligible offense to meet the following five § 3553(f) criteria:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f) (2010).

In 2018, the First Step Act amended § 3553(f)(1) and broadened the scope of eligibility for safety valve reduction from defendants with up to one criminal history point to, in certain circumstances, defendants with up to four criminal history points.  Section § 3553(f)(1) now requires a defendant, to be safety valve eligible, to not have "(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; (B) a prior 3-point offense, as determined under the sentencing guidelines; *and* (C) a prior 2-point violent offense, as determined under the sentencing guidelines."  18 U.S.C. § 3553(f)(1) (emphasis added and referred to as "emphasized 'and'" in this Order).

The meaning of the emphasized "and" has caused considerable disagreement and confusion.  As stated by Judge Ryan Nelson in his statement regarding denial of rehearing en banc in *Lopez*, the question of whether the emphasized "and" should be read in the conjunctive or disjunctive has created a deep split—the Ninth Circuit in *Lopez* "and the Eleventh Circuit (sitting en banc) hold that defendants are disqualified from safety-valve relief only if they meet all three criminal-history criteria listed in § 3553(f)(1), while the Fifth, Sixth, Seventh, and Eighth Circuits hold that possessing any one of the criteria is disqualifying."  *Lopez*, ___ F. 4th at ___, 2023 WL 501452, at *1.  Judge Nelson goes on to explain that there is "disagreement among each side of the split" and that "[s]eventeen judges in six circuits have now offered their unique take on this same

8

question." *Id*.  And, in fact, prior to the date of *Lopez* and Cablay's sentencing, a three-judge panel of the Ninth Circuit stated in dicta in an unpublished memorandum opinion that § 3553(f)(1)'s amended language should be read in the disjunctive.  *See United States v. Manzo*, 793 Fed. App'x. 620 (9th Cir. 2020).

To be clear, the court evaluates the AFPD's "conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.  That is, "the reasonableness of counsel's conduct must be evaluated based on the time it occurred[.]" *United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021).  And although there is a clear circuit split on the question now, at the time of Cablay's sentencing in November 2020, no circuit court of appeals had decided in a published opinion whether the emphasized "and" should be read in the conjunctive or disjunctive.

As a general rule, an attorney does not fall below an objective standard of reasonableness for failing to raise an unsettled proposition of law.  *See United States v. De La Pava*, 268 F.3d 157, 166 (2d Cir. 2001) (applying rule to counsel's failure to seek dismissal of an indictment based on a violation of the Vienna Convention); *Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999) (stating that the law is "no exact science," and that "the rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized") (internal quotation marks and citation omitted)); *Leonard v. Oregon*, 714 F. App'x 801, 801–02 (9th Cir. 2018) (counsel was not ineffective for failing to raise an issue on which state law was unsettled); *Moon v. Coursey*, 599 F. App'x

697, 698 (9th Cir. 2015) (same); *see also United States v. Morris*, 917 F.3d 818,

823–24 (4th Cir. 2019) (stating that even where the law is unsettled, counsel

should raise a material issue if "there is relevant authority strongly suggesting" that

it is warranted.); *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) ("We

have repeatedly held that counsel is not ineffective for failing to predict

developments in the law, unless they were clearly foreshadowed by existing

decisions.").

       Here, at the time of Cablay's sentencing in 2020, whether the

emphasized "and" should be read in the conjunctive or disjunctive was clearly

unsettled.  No circuit court opinion had ruled on the issue, and there was no

relevant authority strongly suggesting that the provision should be read in the

conjunctive.  Although the district court in *Lopez* read the language in the

conjunctive before Cablay's sentencing, the Ninth Circuit later suggested it should

be read in the disjunctive in an unpublished disposition.  *Compare United States v.*

*Lopez*, 2019 WL 3974124 (S.D. Ca. Aug. 21, 2019), *with Manzo*, 793 Fed. App'x.

at 620.  Further, in a case with the identical issue now before the court, Senior

District Judge Helen Gillmor in the District of Hawaii had denied a § 2255 motion

on the grounds that at the time of the defendant's sentencing—after the First Step

Act amendment to § 3553(f)(1) but before the Ninth Circuit decision in *Lopez*—

"the state of the law was unsettled as neither the Ninth Circuit Court of Appeals

nor any other Circuit Court had published guidance as to the proper interpretation

of the safety valve, 18 U.S.C. § 3553(f)(1)." *Benham v. United States*, 2022 WL 4585713, at *3 (D. Haw. Sept. 28, 2022).  Given that the meaning of the emphasized "and" was so unsettled at the time of Cablay's sentencing, his counsel was not ineffective for failing to argue the applicability of the safety valve.[4]

## V.  CERTIFICATE OF APPEALABILITY

In denying the Petition, the court must also address whether Cablay should be granted a certificate of appealability ("COA").  *See* R. 11(a) Governing § 2255 Proceedings in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient."  *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).  The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further."  *Id*. (internal quotations and citation omitted); *see also Slack v. McDaniel*,

---

[4] The United States also argues that Cablay fails to establish prejudice because Cablay has not satisfied the fifth safety valve criteria, that is, Cablay has not debriefed and truthfully provided the United States all information and evidence concerning the offense.  ECF No. 32 at PageID.169–70.  But, in his reply memorandum, Cablay indicated that he is willing to meet with law enforcement and provide truthful and complete information regarding the offense.  ECF No. 33-1 at PageID.182–83.  Given this representation, the court does not reach the issue of prejudice.

529 U.S. 473, 484 (2000) (holding that a certificate of appealability should issue

only if a prisoner shows, among other things, "that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling").  The

standard "requires 'something more than the absence of frivolity,' but something

less than a merits determination."  *Hayward*, 603 F.3d at 553.

      Based on the court's review of the issues in this matter, the court finds

that it is appropriate in this case to issue a COA.  Accordingly, a COA is

GRANTED.

## VI.  <u>CONCLUSION</u>

      For the foregoing reasons, the court DENIES Cablay's § 2255

Motion, ECF No. 30, and GRANTS a Certificate of Appealability.  The Clerk of

Court is directed to CLOSE the case file.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, February 13, 2023.



          /s/ J. Michael Seabright
          J. Michael Seabright
          United States District Judge

*United States v. Cablay*, Cr. No. 20-00005 JMS; Civ. No. 21-00454 JMS-KJM, Order
(1) Denying Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a
Person in Federal Custody, ECF No. 30; and (2) Granting Certificate of Appealability